# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

HELEN ARMSTRONG,

    Plaintiff,

v.

TERRY REYNOLDS, et al.,

    Defendants.

Case No. 2:17-cv-02528-APG-CWH

**ORDER**

Presently before the Court is Plaintiff Helen Armstrong's motion to amend complaint (ECF No. 45), filed on January 26, 2018. Defendants filed a response (ECF No. 50) on February 23, 2018, and Plaintiff filed a reply (ECF No. 53) on March 16, 2018.

The following allegations are drawn from Plaintiff's complaint (ECF No. 1). On about February 25, 2014, Nevada's Occupational Safety & Health Administration ("NOSHA") opened an investigation of Plaintiff's former employer, Ear Nose and Throat Associates ("ENTA"). NOSHA closed its investigation of ENTA on April 30, 2014, finding four violations. Eight days later, Plaintiff received the first of fifty co-worker complaints filed against her at ENTA, the first made against her in her 23 years of employment with the company. On June 3, 2014, NOSHA opened a whistleblower-retaliation investigation into ENTA. On June 4, 2014, Plaintiff was diagnosed with cancer. In light of this diagnosis, and fearing the possibility of losing her job at ENTA, Plaintiff spoke with a NOSHA investigator, who informed her that since ENTA had not yet been informed of the whistleblower-retaliation investigation, she could withdraw her complaint and end the investigation. NOSHA agreed to do so, and noted in its activity log for the case that ENTA had not been notified of the investigation as of June 16, 2014, the day the case was closed. However, on June 24, 2014, a NOSHA employee sent a closing letter to Plaintiff, acknowledging that the complaint had been withdrawn, and a copy of this letter was sent to ENTA. Plaintiff alleges that two NOSHA employees at first acknowledged that notifying ENTA

of the withdrawn complaint had been a mistake, but then later recanted that admission and claimed that informing ENTA was proper procedure. Plaintiff alleges that she suffered retaliation at her workplace after ENTA was notified of the complaint. Plaintiff later brought suit against a number of parties involved.

Plaintiff now moves to amend her complaint to address Defendants' arguments made in their pending motion to dismiss (ECF No. 39). Plaintiff argues that her proposed amended complaint cures the deficiencies alleged by Defendants. Defendants argue that amendment would be futile because Plaintiff is attacking the merits of NOSHA's investigation, but has failed to exhaust all administrative remedies as required under law. In her reply, Plaintiff argues that she is not seeking to reverse NOSHA's previous decisions, or suing her former employers. Instead, Plaintiff argues that her amended complaint brings claims under 42 U.S.C. § 1983 against NOSHA itself, as a state actor acting under color of law, for violation of her constitutional rights stemming from the process by which NOSHA conducted its investigation, not the substantive findings of the investigation. Plaintiff also seeks to amend her complaint to bring a number of other claims against Defendants, including civil conspiracy, fraud, intentional infliction of emotional distress, negligent infliction of emotional distress, negligent misfeasance and non-feasance in office.

"The standard for granting leave to amend is generous." *Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 701 (9th Cir. 1990). A party may amend its pleading once as a matter of course within a limited timeframe after filing. After that, a party may amend its pleading with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires. Fed. R. Civ. P. Rule 15(a)(2). "The Court considers five factors in assessing the propriety of leave to amend—bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). When a court can "conceive of facts that would render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct

the defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted).

Here, there is no allegation of delay, prejudice, bad faith, or previous amendments. Therefore, leave to amend turns on whether amendment would be futile. The Court is not persuaded, for purposes of the instant motion, that Plaintiff's amendments are futile for failure to exhaust administrative remedies. Plaintiff does not seek to overturn any of NOSHA's findings of NOSHA, or challenge the efficacy of the investigation, which she alleges she voluntarily terminated. The Court will therefore grant Plaintiff's motion.

The Court further notes that no scheduling order has been entered in this case. Under Local Rule 26-1(a), Plaintiff is required to initiate a scheduling conference to be held within thirty days of the first defendant's appearance in the case. As it appears no scheduling conference has taken place, the Court will order the parties to meet and confer and submit a discovery plan and scheduling order.

IT IS THEREFORE ORDERED that Plaintiff's motion for leave to amend complaint (ECF No. 45) is GRANTED. The Clerk shall FILE Plaintiff's proposed amended complaint (ECF No. 45-1).

IT IS FURTHER ORDERED that, no later than April 10, 2018, the parties shall meet and confer and file a discovery plan and scheduling order consistent with Local Rule 26-1.

DATED: March 27, 2018

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE