**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| HELEN ARMSTRONG,<br><br>Plaintiff,<br><br>v.<br><br>TERRY REYNOLDS, et al.,<br><br>Defendants. | Case No. 2:17-cv-02528-APG-DJA<br><br>**ORDER &**<br>**REPORT & RECOMMENDATION** |

Presently before the Court is Plaintiff Helen Armstrong's Motion for Leave to File Second Amended Complaint (ECF No. 83), filed on May 29, 2019. Defendants filed a Response (ECF No. 86) on June 25, 2019, and Plaintiff filed a Reply (ECF No. 92) on July 16, 2019. Also before the Court is Defendants' Motion to Strike Transcripts of Unlawful Telephone Recordings (ECF No. 87), filed on June 25, 2019. Plaintiff filed a Response (ECF No. 95) on July 26, 2019, and Defendants filed a Reply (ECF No. 97) on August 13, 2019. The Court finds the motions properly resolved without a hearing. *See* Local Rule 78-1.

**I.     BACKGROUND**

The parties are familiar with the facts of this case and the Court will not repeat them here except as necessary. On March 6, 2019, the Court granted Defendants' Motion to Dismiss (ECF No. 65) as to Counts II, III, IX, XI, XII, XIII, and XIV of the Amended Complaint with prejudice. (ECF No. 77). The Court also granted Defendants' Motion to Dismiss (ECF No. 65) as to Counts I, IV, V, VI, and X of the Amended Complaint without prejudice thereby providing Plaintiff with leave to amend if she "can cure the defects described in" the Order. (ECF No. 77, 17:1). Plaintiff timely filed the instant Motion Leave to File Second Amended Complaint (ECF No. 83).

On March 6, 2019, the Court also denied Defendants' Motion to Strike (ECF No. 66) as moot. (ECF No. 76). It noted that the transcripts of phone conversations were attached to Plaintiff's Opposition to Defendants' prior Motion to Dismiss, which the Court had denied as

moot. (*Id.*). The Court indicated that Defendants could raise the issue "later if the transcripts are offered again." (*Id.*, 1:15). Defendants renew their request to strike the transcripts of phone records now because they are attached to Plaintiff's proposed Second Amended Complaint as Exhibits 33-35, referred to in the Declaration, Exhibit 48, and referenced in Defendants' prior Opposition, Exhibit 1A. (ECF No. 87).

## II.     ANALYSIS

### a.  Motion to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure, regarding the amendment of pleadings, directs that "[t]he court should freely give leave when justice so requires." The Ninth Circuit Court of Appeals has repeatedly cautioned courts in this circuit to "liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). "Courts may decline to grant leave to amend only if there is strong evidence of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of amendment, etc.'" *Id*. at 1117 (*quoting Foman v. Davis*, 371 U.S. 178, 182 (1962)).

When leave to amend is sought after the amendment deadline in the court's scheduling order has expired, the movant must also show good cause to reopen the amendment period and excusable neglect for the delay. *See* Fed. R. Civ. P. 6(b)(1)(B) (stating "the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect."). In evaluating excusable neglect, the court weighs: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith." *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (citing *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380, 395 (1993)). The weight assigned to these factors is left to the court's discretion. *Id.* When a court can "conceive of facts that would

render plaintiff's claim viable," or "it appears at all possible that the plaintiff can correct the defect," an amendment should not be found futile. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1988) (internal quotation marks and citations omitted).

### i. Counts I and III: Due Process Violation of the Federal and Nevada Constitutions

The Court previously dismissed Plaintiff's substantive due process claim <u>with prejudice</u>. (ECF No. 77, 5-6). Plaintiff has not presented any grounds for reconsideration of the Court's prior order dismissing this claim with prejudice. As such, the Court recommends that Plaintiff's attempt to amend on a substantive due process basis be denied.

The Court previously dismissed Plaintiff's procedural due process claims under both the Federal Constitution and Nevada Constitution with leave to amend if she could "allege facts showing she had more than a unilateral expectation of continued employment." (ECF No. 77, 5:13). To prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) the lack of adequate process. *Shanks v. Dressel*, 540 F.3d 1082, 1090–91 (9th Cir. 2008). Despite the extensive allegations Plaintiff included her in Second Amended Complaint, her fatal flaw is that none satisfy her burden to set forth the first element of a procedural due process claim.

A careful review of the proposed Second Amended Complaint demonstrates nothing more than an at-will employment relationship and "unilateral expectation" of continued employment for Plaintiff. *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987) (applying the test to private employment) (quoting *Bd. of Regents v. Roth*, 408 U.S. 564, 577 (1972). Notably, Plaintiff concedes that she was "an at will employee . . . [and] could be discharged without cause." (ECF No. 83, 2:20-21). Yet, she continues to argue that Nevada law on at-will employment is superseded by both state and federal OSHA law. (*Id.* at 2:22). She fails to cite binding authority to support this argument and the Court is not persuaded that she can obtain a legitimate claim of entitlement to continued employment only by being an alleged whistleblower. *See, e.g., Bd. of*

*Regents v. Roth*, 408 U.S. 564, 577 (1972); *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993); *Kelly v. Ogata*, 120 F.Supp.2d 1244, 1251 (D. Haw. 2000).  Indeed, Plaintiff cites to *Merritt v. Mackey*, 827 F.2d 1368, 1371 (9th Cir. 1987) to support her argument that the Nevada at-will employment law is superseded by OSHA law.  Although Plaintiff claims she is stating "new legal theories which answer the Court's concerns as expressed in its Order of Dismissal," their downfall is that they are not based on binding or even persuasive precedent. (ECF No. 92, 3:6).  While Nevada law recognizes a tort claim for wrongful termination where an employee was discharged for refusing to violate the law, *see, e.g., Hansen v. Harrah's*, 100 Nev. 60 (1984), there is no legal entitlement to continued employment for an alleged whistleblower as needed for a procedural due process claim.

Further, Plaintiff has not, and cannot, allege that she had an employment contract given her concession that she was an at-will employee.  Under Nevada law, at-will employment is presumed and the employment relationship "can be terminated without liability by either the employer or the employee at any time and for any reason or no reason."  *Norton v. PHC-Elko, Inc*., 46 F.Supp.3d 1079, 1092 (D. Nev. 2014) (citing *Martin v. Sears, Roebuck & Co*., 899 P.2d 551, 553-55 (Nev. 1995)); *see also Vancheri v. GNLV Corp*., 777 P.2d 366 (Nev. 1989). Therefore, Plaintiff cannot state a valid cause of action for violation of procedural due process because she has not alleged a constitutionally protected liberty or property interest.  The Court finds that amendment of these claims would be futile and recommends they be dismissed with prejudice.

### ii.   Count II: Violation of OSHA § 11(c) or NRS § 618.445(3)

The Court previously dismissed Plaintiff's claim that Defendants violated the federal and state OSHA law that prohibit retaliation against employees who report OSHA violations <u>with prejudice</u>.  (ECF No. 77, 6-8).  In doing so, the Court found that there was no private right of action in NRS § 618.445(3) and she did not utilize her remedy of an appeal or request for review of the dismissal.  (*Id.*).  In addition, the Court found discretionary-function immunity applied to Plaintiff's negligence claim as it related to her allegation that the investigation was not

1   appropriate. (ECF No. 77, 9-10). Plaintiff has not presented any grounds for reconsideration of
2   the Court's prior order dismissing this claim with prejudice and therefore, dismissal with
3   prejudice is recommended for this claim.

### b. Motion to Strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The purpose of a Rule 12(f) motion to strike is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quoting *Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994)). In deciding a motion to strike, courts may not resolve disputed and substantial factual or legal issues. *Id.* "If the court is in doubt as to whether the challenged matter may raise an issue of fact or law, the motion to strike should be denied, leaving an assessment of the sufficiency of the allegations for adjudication on the merits." *Sliger v. Prospect Mortg., LLC*, 789 F.Supp.2d 1212, 1216 (E.D. Cal. 2011) (*citing Whittlestone, Inc.*, 618 F.3d at 973). Rule 12(f) motions should not be used as a means to have certain portions of a complaint dismissed or to obtain summary judgment as to those portions, as these actions are better suited for a Rule 12(b)(6) motion or a Rule 56 motion. *Whittlestone, Inc.*, 618 F.3d at 974.

A Rule 12(f) motion to strike is an extreme and drastic remedy - it is generally disfavored. *See Armed Forces Bank, N.A. v. FSG–4, LLC*, 2011 WL 5513186, at *4 (D. Nev. Nov. 10, 2011); *see also* 5C Wright et al., § 1382 at 434–36 ("Rule 12(f) motions to strike . . . are not favored, often being considered purely cosmetic or 'time wasters'). In ruling on a motion to strike, the Court accepts as true the factual allegations underlying the claim. *Kelly v. Kosuga*, 358 U.S. 516, 516 (1959). Whether to grant a motion to strike lies within the discretion of the district court. *See Whittlestone, Inc.*, 618 F.3d at 973; *see also* 5C Wright et al., supra, § 1382 at 433 ("The district court possesses considerable discretion in disposing of a Rule 12(f) motion to strike").

1    Defendants claim that the telephone transcripts consist of intrastate telephone calls
2  between Plaintiff's representative, Seth Isaacs, and Defendant Jess Lankford, NV OSHA Chief
3  Administrative Officer.  (ECF No. 87).  Because Defendant Lankford did not consent to being
4  recorded, Defendants contend that the transcripts should be stricken from the Second Amended
5  Complaint as they violate NRS 200.620.  (ECF No. 97).  Plaintiff responds that the recordings are
6  legal under NRS 200.650 and admissible under federal OSHA law and 18 U.S.C. §2511.  (ECF
7  No. 95).  Defendants acknowledge the apparent conflict in state and federal law regarding the
8  legality of the telephone and suggest that the Court *sua sponte* sever the state claims.  (ECF 87,
9  6:1).

10   The Court declines to strike the telephone transcripts under Rule 12(f) at this time.  In
11 *Ditech Financial LLC v. Buckles*, 401 P.3d 215, 216 (Nev. 2017), the Nevada Supreme Court
12 clarified that NRS 200.620 prohibits recording of a telephone call "unless both parties
13 participating in the call consent to the recording."  Defendants have demonstrated that the
14 transcripts concern calls that took place only in Nevada and that Defendant Lankford did not
15 consent to being recorded.  (ECF No. 87, 3:12-18).  However, even Defendants acknowledge
16 there is a conflict with federal law, 18 U.S.C. § 2511, which requires only one party on the call to
17 consent to the recording.  The key question then becomes, does federal or Nevada law govern?
18 The Court finds that the state law claims are subject to Nevada law prohibiting recording without
19 Defendant Lankford's consent.  As for the federal claims, they are subject to federal question
20 jurisdiction, not diversity, and therefore, federal substantive law governs.  Given that the Court is
21 recommended that no Nevada claims survive dismissal, the Court declines to *sua sponte* sever the
22 state claims and strike the transcripts only as they relate to the alleged Nevada claims.  However,
23 the Court's denial of Defendants' request will be without prejudice to be renewed if necessary as
24 to the Nevada claims.

### III. CONCLUSION

### ORDER

IT IS HEREBY ORDERED that Defendants' Motion to Strike Transcripts of Unlawful Telephone Recordings (ECF No. 87) is **denied without prejudice**.

### RECOMMENDATION

IT IS THEREFORE RECOMMENDED that Plaintiff Helen Armstrong's Motion for Leave to File Second Amended Complaint (ECF No. 83) be **denied** and Plaintiff's case be **dismissed with prejudice**.

### NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: October 4, 2019

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE